Grupo Madero, S.A., Inc. v. Cavness 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-128-CV





GRUPO MADERO, S.A., INC.,



 APPELLANT


vs.





DON W. CAVNESS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT,


NO. 370,861-A, HONORABLE JERRY DELLANA, JUDGE


 




PER CURIAM

 The issue in this summary-judgment appeal is whether a genuine issue of material
fact exists such that the rendition of summary judgment was error. We hold that a genuine issue
of material fact does exist and, therefore, will reverse the judgment of the district court and
remand the cause for trial.

 Appellee Don W. Cavness sued Jesus Ferral and appellant Grupo Madero, S.A.,
Inc. in cause number 370,861 on a $35,000.00 note secured by an airplane that allegedly belonged
to Grupo Madero. Cavness also filed an application for a writ of sequestration to sequester the
airplane, which was granted. Cavness obtained an interlocutory default judgment against Ferral,
filed a motion for summary judgment against Grupo Madero, and successfully moved for a
severance of his cause against Ferral and Grupo Madero. The trial court granted summary
judgment against Grupo Madero in cause number 370,861-A, and Grupo Madero appeals.

 In its first point of error, Grupo Madero contends that the trial erred in granting
summary judgment because a fact issue exists regarding whether the $35,000.00 note and security
agreement were executed by Grupo Madero or with its authority. We agree.

 The standards for reviewing a motion for summary judgment are well established:
(1) The movant for summary judgment has the burden of showing that no genuine issue of
material fact exists and that he is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 Applying the test to the instant appeal, the summary-judgment evidence does not
show that Grupo Madero signed the note and security agreement. The only summary-judgment
evidence connecting Grupo Madero with the note and security agreement is the affidavit of Jesus
Ferral, which indicates that Ferral was an officer and director of Grupo Madero with authority
to pledge the aircraft. Without judging the competency of Cavness's summary-judgment evidence,
we note that Grupo Madero introduced summary-judgment evidence in the form of an affidavit
that: (1) Ferral was removed as an officer and director of Grupo Madero before Ferral signed the
note and security agreement; and (2) Ferral had no authority to act on behalf of Grupo Madero. 
We conclude, therefore, that a disputed material fact issue existed regarding Ferral's authority to
act as an agent for Grupo Madero and that rendition of summary judgment was improper. Point
of error one is sustained.

 Because of our disposition of point of error one, we do not reach point of error
two.

 The judgment of the district court is reversed and the cause is remanded for trial.


[Before Justices Powers, Jones and B. A. Smith; Justice B. A. Smith not participating]

Reversed and Remanded

Filed: November 20, 1991

[Do Not Publish]